REQUESTED BY: Senator John DeCamp 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have requested our opinion concerning certain questions relating to the gambling statutes in the State of Nebraska in light of the recent Nebraska Supreme Court case of Contact, Inc. v. State of Nebraska, 212 Neb. 584, ___ N.W.2d ___ (1982). You indicate that you need this information to assist you in drafting legislation regarding the gambling laws. You have specifically asked whether or not slot machines which comply with all existing statutory and constitutional provisions would be legal at this time.
Defining the term slot machine causes some difficulty. While we have been unable to find any Nebraska cases which specifically define slot machines, there is an extremely large number of cases from other jurisdictions which have offered some definition of slot machine. Some of these cases are collected in the A.L.R. Annotation, Games of Chance or Skill, 135 A.L.R. 104 at 138. While this annotation is quite old, it does make clear that the term slot machines can cover a variety of devices. In fact, the annotation describes slot machines of the lever type, slot vending machines, pinball, marble and bagatelle game machines as well as several others.
We take it that you are describing a machine in which a coin is inserted into a slot and a lever is pulled or a button pushed which starts several circular discs revolving having combinations of colors, numbers, or objects which in specified combinations result in a payoff from the machine of money should a winning combination occur. With this in mind as the working definition in answering your question, we take it that you are asking whether or not a classic slot machine of this type would in fact constitute a lottery.
We do this particularly with respect to your reference to Contact, Inc. v. State which held that pickle cards were lotteries. Pickle cards bear a certain surface kinship with classic slot machines as defined above, in that tabs are pulled on the card revealing combinations of symbols, which when a winning combination is held by the card possessor, entitles that individual to claim a prize. We do not believe, however, that this surface similarity can be said to require the conclusion that a slot machine could be held to be a lottery under the Nebraska Statutes.
We particularly direct your attention to Neb.Rev.Stat. § 28-1101(5) (Reissue 1979) which provides:
 Gambling device shall mean any device, machine, paraphernalia, writing, paper, instrument, article, or equipment that is used or usable for engaging in gambling, whether that activity consists of gambling between persons or gambling by a person involving the playing of a machine.
 Lottery tickets and other items used in the playing phases of schemes defined in sections 28-1113 to 28-1116, are not gambling devices within this definition.
And, Neb.Rev.Stat. § 28-1107(1) which provides:
 A person commits the offense of possession of a gambling device if he or she manufactures, sells, transports, places, possesses, or conducts or negotiates any transaction affecting or designed to affect ownership, custody, or use of any gambling device, knowing that it shall be used in the advancement of unlawful gambling activity.
It seems relatively clear to us that this definition would embrace the classic slot machine defined above as a machine. The existence of the specific definition and the specific prohibition we believe, take a slot machine out of the definition for a lottery contained in § 28-1101(6); lottery being defined as a scheme where something of value is exchanged for chances, the winning chance to be determined by an element of chance and the holders to receive something of value. That, of course, is the classic common law definition of lottery as recognized in Contact, Inc., supra, and prior Nebraska cases. However, that definition cannot be applicable to the definition contained in subparagraph (5) of § 28-1101 since they are obviously trying to define different things. The sections which authorize lotteries and gift enterprises do not speak in terms of machines as such and we believe would, therefore, exclude classically defined slot machines.
For the above reasons, we believe that slot machines would not be legal at this time in the State of Nebraska.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General